1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

9   ELDRED NICHOLSON,                                 )   Case No. CV 12-9993-FMO (JEM)
                                                      )
10                          Plaintiff,                )
                                                      )
11         v.                                         )   ORDER ACCEPTING FINDINGS AND
                                                      )   RECOMMENDATIONS OF UNITED
                                                      )   STATES MAGISTRATE JUDGE AND
12  P. FINANDER, et al.,                              )   DENYING MOTION FOR PRELIMINARY
                                                      )   INJUNCTION AND/OR TEMPORARY
13                          Defendants.               )   RESTRAINING ORDER
     _____        )

14

15         Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file,

16  and the Report and Recommendation of the United States Magistrate Judge.  No Objections

17  to the Report and Recommendation have been filed within the time allowed for Objections.  The

18  Court accepts the findings and recommendations of the Magistrate Judge.

19         On October 28, 2014, Plaintiff filed a document entitled "Motion for Emergency

20  Injunction" ("Motion"), seeking a Court order directing prison officials to:  (1) renew Plaintiff's

21  prescription for the pain medication Methadone; (2) restrict Plaintiff to the use of waist chains

22  instead of "standard hand restraints"; (3) grant Plaintiff a lower bunk chrono;[1] and (4) grant

23  Plaintiff wrist and ankle brace chronos.[2]  (Motion at 2-3.)  Given that the Court is dismissing the

24

25
            _____

26         [1]  "A 'chrono' is a collection of informal notes taken by prison officials documenting medical orders."
     Akhtar v. Mesa, 698 F.3d 1202, 1205 n.1 (9th Cir. 2012).

27         [2]  Although the caption of Plaintiff's Motion names Dave Davy, Warden, and John Doe as defendants,
     the only defendants named in Plaintiff's First Amended Complaint ("FAC") are Gian Hernandez, Paulette
28  Finander, James Marcelo, and Corina Chin.  (See FAC at 3-4.)  Accordingly, the Court construes
     Plaintiff's Motion as seeking injunctive relief against Hernandez, Finander, Marcelo, and/or Chin.

First Amended Complaint ("FAC") for failure to state a cognizable federal claim against any defendant, Plaintiff's Motion seeking a preliminary injunction and/or a temporary restraining order (Docket No. 67) must be denied because there is no defendant against whom this Court could enter an order.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

IT IS HEREBY ORDERED as follows:  (1) Plaintiff's Motion to Supplement FAC (Docket No. 58) is GRANTED; (2) Plaintiff's Motion to Amend (Docket No. 63) is DENIED; (3) Defendants' Motion to Dismiss (Docket No. 59) is GRANTED IN PART; (4) Plaintiff's claims against Gian Hernandez, Paulette Finander, James Marcelo, and Corina Chin are DISMISSED with leave to amend for failure to state a claim; and (5) Plaintiff's Motion for a preliminary injunction and/or a temporary restraining order (Docket No. 67) is DENIED without prejudice for lack of jurisdiction.  Plaintiff may file a Second Amended Complaint **within thirty (30) days** of this Order, which remedies the deficiencies set forth in the Magistrate Judge's Report and Recommendation.[3]

DATED: March 5, 2015

_____
/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

[3]  Plaintiff may not add additional claims or defendants or amend the claims included in the FAC in any other way without prior leave of court.  See Fed. R. Civ. P. 15(a).